UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK W. MAYHEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:14 C 01653 |
| v. | ) Hon. Marvin E. Aspen |
| | ) |
| TOWN OF SMYRNA, TENNESSEE, | ) |
| and HARRY GILL, officially | ) |
| and individually, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

MARVIN E. ASPEN, District Judge:

We have reviewed Defendants' motion to continue the pretrial conference and to modify the September 7, 2017 scheduling order, as well as Plaintiff's response in opposition. (Dkt. Nos. 92, 102.) As set forth below, we grant Defendants' motion.

Defendants seek a continuance of the pretrial conference, or in the alternative, an order scheduling a telephone status conference. (Dkt. No. 92.) They also seek modification of our September 7, 2017 Order setting deadlines for filing pretrial materials. (*Id.*) While Defendants "are not opposed to this matter being set for trial," they argue that "it is an inefficient use of judicial, attorney and party resources" to hold a pretrial conference in light of the judicial settlement conference scheduled before Magistrate Judge Joe Brown on October 4, 2017. (*Id.* at 5.) Defendants also request additional time to take limited discovery relevant to Plaintiff's damages. (*Id.* at 5–6.) Plaintiff opposes the motion, arguing Defendants' eleventh-hour request is unnecessary and will only serve to delay. (Dkt. No. 102.) Plaintiff observes, for example, that Defendants have known about the "new" information regarding Plaintiff's damages since

mid-July, yet they did nothing to seek additional discovery until now. (*Id.* at 3–4.) Likewise, when Defendants asked for a two-week extension of time to file pretrial materials on September 6, 2017, they did not mention the need to take additional discovery. (*Id.* at 1–2.)

We may amend the scheduling order only when "good cause" is shown. Fed. R. Civ. P. 16(b)(4). "When evaluating whether to amend the scheduling order, the court should consider the totality of the circumstances, along with the requesting party's diligence in meeting the requirements of the original order and any resulting prejudice to the side opposing the amendment of the order." *Campos v. MTD Prods., Inc.*, No. 2:07 C 00029, 2009 WL 2252257, at *12 (M.D. Tenn. July 24, 2009) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)). The court "should also consider possible prejudice to the party opposing the modification." *Andretti*, 426 F.3d at 830. Although we recently granted Defendants an extension of time to file their pretrial materials, and while we are mindful of Plaintiff's concern regarding Defendants' delay in bringing their motion, we find good cause exists for a brief, final continuance.

Accordingly, the pretrial conference previously scheduled for October 10, 2017 at 9:00 a.m. is stricken and reset for November 13, 2017 at 10:00 a.m. All pretrial materials previously due on September 22, 2017 shall be filed on or before October 23, 2017. All pretrial materials previously due on October 6, 2017 shall be filed on or before November 6, 2017. The parties may take any remaining discovery relevant to Plaintiff's damages through November 6, 2017. There will be no further extensions of discovery, for any reason. To the extent discovery disputes arise, the parties should bring them before Magistrate Judge Brown, provided that any such dispute may not be used as grounds for delaying the deadlines set for

completing discovery or for filing pretrial materials.  The deadlines set forth above are final, and failure to comply with this Order may result in appropriate sanctions.  It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: September 29, 2017
Chicago, Illinois